¡iT'HIS bill stated that M‘Neil in the year 1777, being married “®- to his wife Fanny, was called upon to take the oath of allegiance to this state or to depart — -he refused so to do, and was compelled to leave the state under the penalty by law established of incurring the crime of high treason if he returned. That the said Fannv was.left here, and afterwards intermarried during his life, with Troughton; and in the year 1793, by deed, conveyed to Troughton all her property and righ ts to property ; and that the defendant was accountable to her for divers sums of money and articles of property due from her father’s and mother’s estate, under their wills. The defendant demurred to this bill, because by her own shewing, being either the wile of M'Neil or of Troughton, she could not convey by the deed men- *407 tinned in tbe bill. Tbe plaintiff’s counsel cited 2 Vern. 104, or 1 Vern. 104, and 2 Bos. & Pul. 226; and after much argument the Court said, we must take the facts stated in the bill; and although possibly the answer might vary tbe case so as So shew the plaintiff could not recover, yet as the bill states that M‘NeiI was perpetually banished, it follows that except as to the objection of the marriage, M‘Neil is to be considered as to all purposes to be actually dead; and she as to all purposes as a feme sole, she may sue and be sued, acquire and transfer property: if she may-do so by will, as stated in 2 Vern. 104, there is no reason why she may not aiso do so by deed.
The demurrer must be over-ruled; and it. was over-ruled, and the defendant’s ordered to answer.